IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MIKE TSOSIE,**

      **Plaintiff,**

**v.**                                         **No. CIV-14-0686 LAM**

**CAROLYN W. COLVIN, Acting Commissioner**
**of the Social Security Administration,**

      **Defendant.**

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

**THIS MATTER** is before the Court on *Defendant's Motion to Dismiss (Doc. 14)*, filed November 5, 2014. [*Doc. 23*]. On November 13, 2014, Plaintiff filed a response to the motion. [*Doc. 24*]. No reply has been filed, and the time for doing so has passed. In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment in this case. [*Docs. 4* and *8*]. Having considered the motion, response, record of this case, and the relevant law, the Court **FINDS** that Defendant's motion should be **GRANTED in part** and **DENIED in part**, and this case should be **TRANSFERRED** to the United States District Court for the District of Arizona.

In Defendant's motion to dismiss, Defendant asks the Court to dismiss this case for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). [*Doc. 14* at 1]. Defendant contends that, because Plaintiff resides in Arizona, he must bring this action in the United States District Court for the District of Arizona, not in New Mexico. *Id.* at 1-2 (citing 42 U.S.C. § 405(g)). Therefore,

Defendant asks that this case be dismissed for improper venue or, in the alternative, that this case be transferred to the proper venue, which is the United States District Court for the District of Arizona.  *Id.* at 2.

In response, Plaintiff states that his address is in Arizona, and that he resides in the Navajo Nation, which is within the borders of Arizona, New Mexico, and Utah.  [*Doc. 15* at 1].  Plaintiff states that he filed his application for Disability Insurance Benefits and Supplemental Security Income with the Social Security Administration office in Gallup, New Mexico, and that his administrative hearing was held by videoconference with the administrative law judge present in Albuquerque, New Mexico at the Office of Disability Adjudication and Review and Plaintiff present in Gallup, New Mexico at the Social Security Administration district office.  *Id.* at 1-2.  Plaintiff further states that "if he receives a remand his case should be heard again within the State of New Mexico," and that "[t]he New Mexico [administrative law judge] will likely be much more familiar with Tenth Circuit case law than with Ninth Circuit case law."  *Id.* at 2.  Plaintiff then states: "If this case is not allowed to remain in the District of New Mexico, then a transfer to the District of Arizona would be appropriate instead of a dismissal."  *Id.*

The Social Security Act states that cases in which an individual is challenging the denial of a claim for Social Security benefits "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides.  42 U.S.C. § 405(g).  Since Plaintiff is a resident of Arizona, venue is proper in the District of Arizona, not the District of New Mexico.  In Plaintiff's response to Defendant's motion to dismiss, Plaintiff relies on the case *O'Brien v. Schweiker*, 563 F.Supp. 301 (E.D. Pa. 1983) for his contention that this case should remain in New Mexico.  [*Doc. 15* at 2].  In *O'Brien*, the plaintiff was incarcerated in Florida, and the defendant moved to transfer the Social Security proceedings from Pennsylvania to Florida.

563 F.Supp at 301.  The district court reasoned that, even though Plaintiff was a resident of Pennsylvania, it was within the interests of justice and would be more convenient for the plaintiff to transfer the case to Florida because the administrative proceedings in the case occurred in Florida and the plaintiff was currently incarcerated in Florida.  *Id.* at 302.  Here, even though plaintiff's administrative proceedings occurred in New Mexico, Plaintiff is a resident of Arizona, making the reasoning of *O'Brien* only partially applicable.   Moreover, the holding of *O'Brien* is not binding precedent on this Court.  Plaintiff provides no support for his contention that his residency in the Navajo Nation affects the venue provision of § 405(g).  For these reasons, the Court finds that this case should proceed in the District of Arizona, where venue is proper under § 405(g).  The Court further finds that it is in the interest of justice to transfer, rather than dismiss, this case.  *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

**IT IS THEREFORE ORDERED** that, for the reasons stated above, *Defendant's Motion to Dismiss (Doc. 14)* is **GRANTED in part** and **DENIED in part**, and this case shall be **TRANSFERRED** to the United States District Court for the District of Arizona.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**